UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SENTINEL INSURANCE COMPANY, a
foreign corporation, as subrogee of
CPD REALTY, LLC & DUNSTAN ANIMAL
CARE CLINIC, PLC, a Michigan company,

       Plaintiff,

v

JPAUL JONES, L.P.,
A foreign company, and
ECOVACS ROBOTICS, INC,
A foreign corporation,

       Defendants.

Hon. Timothy G. Hicks
Case No.: 1:20-cv-00255

---

| | |
|---|---|
| Edward M. Turfe (P51228)<br>TURFE LAW PLLC<br>Attorney for Sentinel Insurance Company<br>330 Town Center Drive, Ste 330<br>Dearborn, MI 48126<br>(313) 730-0300<br>(313) 730-0312 Fax<br>edturfe@turfelaw.com<br><br>Jeff C. Arnold  (P10262)<br>Arnold Law Office<br>100 E Center St<br>Ithaca, Michigan  48847-1436<br>(989) 875-3610<br>(989) 875-4161 Fax<br>jarnold@whelanarnold.com | Thomas G. Cardelli (P31728)<br>Andrew M. Creal (P83806)<br>CARDELLI LANFEAR, P.C.<br>Attorneys for Ecovacs Robotics, Inc.<br>322 W. Lincoln Ave<br>Royal Oak, MI 48067<br>(248) 544-1100<br>(248) 544-1191 Fax<br>Tcardelli@cardellilaw.com<br>Acreal@cardellilaw.com<br><br>Brian J. Connolly<br>HEYL, ROYSTER, VOELKER & ALLEN, P.C.<br>Attorney for JPaul Jones<br>701 Market Street<br>Peabody Plaza<br>PO Box 775430<br>St. Louis, MO 63177<br>(314) 241-2018<br>(314) 297-0635 Fax<br>bconnolly@heylroyster.com |

---

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND ON BEHALF OF DEFENDANT ECOVACS ROBOTICS, INC.**

NOW COMES Defendant, ECOVACS ROBOTICS, INC., by and through its attorneys, CARDELLI LANFEAR, P.C., and for its Answer to Plaintiff's Complaint, states as follows:

## JURISDICTIONAL ALLEGATIONS

1. At all times relevant, SENTINEL INSURNACE COMPANY ("SENTINEL") was a foreign corporation, organized and existing under the laws of the State of Connecticut, and which was duly authorized to, and did in fact, transact insurance related business in Muskegon County, Michigan.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

2. At all times relevant CPD REALTY, LLC ("CPD REALTY") was a limited liability company organized under the laws of the State of Michigan and which owned certain real property located at 1161 E. Sternberg Road, Muskegon, Michigan (hereinafter referred to as "SUBJECT PREMISES").

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

3. At all relevant times DUNSTAN ANIMAL CARE CLINIC, PLC ("DUNSTAN") was a professional liability corporation, organized and existing under the laws of the State of Michigan and which operated an animal care clinic out of the SUBJECT PREMISES.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

4. At all times relevant, SENTINEL provided property insurance coverage on

the SUBJECT PREMISES, owned by CPD REALTY, and the business personal property contained therein, owned by DUNSTAN, and the business operations of DUNSTAN under policy number 83SBWNN6341 ("the subject insurance policy"), and which, pursuant to its terms and conditions, provided for the right of subrogation in favor of SENTINEL upon making payment and to the extent of same.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

5.  At all times relevant, SENTINEL was, and is, the actual and bona fide subrogee of CPD REALTY and DUNSTAN, having paid CPD REALTY and DUNSTAN, for losses directly arising out of and due to Defendants' negligence, which resulted in damage to the SUBJECT PREMISES, the business and business property of DUNSTAN, covered perils under the subject insurance policy.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

6.  At all times relevant, Defendant JPAUL JONES, L.P. (hereinafter referred to as "JPAUL"), was a foreign corporation, organized under the laws of the State of Texas, with its principal place of business located at 7500 Rialto Blvd, Austin, TX, and which conducted business in Muskegon County, Michigan.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

7.  At all times relevant, Defendant ECOVACS ROBOTICS, INC. (hereinafter referred to as "ECOVACS") was a foreign company organized under the laws of the State of

3

California, with its principal place of business located at 1500 Fashion Island Blvd, San Mateo, CA, and which conducted business in Muskegon County, Michigan.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

8. The amount in controversy of this matter is in excess of $25,000, exclusive of costs, interest and attorney fees.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

9. This Honorable Court has jurisdiction over the parties and subject matter of this matter, and venue is proper in the Circuit Court for the County of Muskegon, State of Michigan.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

## GENERAL AVERMENTS

10. Plaintiffs re-allege and reincorporate the preceding allegations as if fully set forth herein.

**Defendant incorporates its responses to paragraphs 1-9 by reference.**

11. At all relevant times, CPD REALTY owned the SUBJECT PREMISES and DUNSTAN operated an animal care clinic out of the SUBJECT PREMISES.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

12. At all relevant times, defendants, JPAUL JONES and ECOVACS, were in the business of designing, manufacturing, marketing and selling robotic-type products including the Eye-Vac Pet Stationary Touchless Vacuum (hereinafter referred to as the "EYE-VAC").

**Denied in the manner and form as stated for the reason that it is not true that Ecovacs was the designer or manufacturer of the product as alleged in this count.**

13. At all relevant times herein defendants, JPAUL JONES and/or ECOVACS, held the EYE-VAC out as a stationary vacuum to be used to collect dust, dirt, hair and other items from the interior of homes or businesses including, but not necessarily limited to, pet and animal businesses.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

14. At all relevant times, defendants JPAUL and ECOVACS marketed, advertised and held the EYE-VAC out for use in pet stores, pet clinics and/or pet hospitals like the one operated out of the SUBJECT PREMISES.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

15. .At all relevant times, it was reasonably foreseeable to defendants JPAUL and ECOVACS that the EYE-VAC would be purchased and used by customers who are in the pet care business.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

16.     In October 2017, DUNSTAN purchased an EYE-VAC for use inside the SUBJECT PREMISES.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

17.     On February 14, 2018, a fire started inside the SUBJECT PREMISES (hereinafter referred to as the "SUBJECT FIRE").

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

18.     The SUBJECT FIRE is believed to have started at the EYE-VAC.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

19.     Defendants JPAUL and ECOVACS knew or had reason to know of the purpose for which said EYE-VAC was intended and further had reason to know that a defect would cause said EYE-VAC to become a dangerous instrumentality for users thereof, including the Plaintiffs insured and thus owed Plaintiff a duty of care and skill in the design, manufacture, maintenance, assembly, installation, inspection, testing, marketing, packaging, labeling, selling and/or distribution of the aforesaid EYE-VAC and/or its component parts and to further exercise ordinary and reasonable care to ascertain that said EYE-VAC and/or its component.

**Denied in the manner and form as stated for the reason that it is not true.**

20.     As a direct and proximate result of the SUBJECT FIRE, the SUBJECT PREMISES and the business personal property contained therein sustained damage.

**Denied in the manner and form as stated for the reason that it is not true.**

21. As a direct and proximate result of the damage, CPD REALTY and DUNSTAN made a claim to SENTINEL under its policy of insurance and SENTINEL, pursuant to the terms and conditions of said policy, paid $228,180.77 to CPD REALTY and DUNSTAN for the damaged property, including the SUBJECT PREMISES, business personal property and business interruption.

**Denied in the manner and form as stated for the reason that it is not true.**

22. As a direct and proximate result of said payment or payments, SENTINEL is now subrogated to the rights of its insured, CPD REALTY and DUNSTAN, to the extent of said payment or payments.

**Denied in the manner and form as stated for the reason that it is not true.**

## COUNT I - NEGLIGENCE/PRODUCT LIABILITY

23. Plaintiff re-alleges and incorporates herein as paragraph 23 all of those averments set forth about in paragraphs 1 through 22.

**Defendant incorporates its responses to paragraphs 1-22 by reference.**

24. At all relevant times herein, defendants, JPAUL and ECOVACS, owed plaintiff, CPD REALTY and DUNSTAN a duty of reasonable care in the design, manufacture, marketing and sale of the EYE-VAC.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Ecovacs maintains that any and all duties owed were fully discharged to the purchaser of the product.**

25. At all relevant times herein, defendants, JPAUL and ECOVACS, also owed plaintiff a duty that the EYE-VAC was merchantable and/or fit for its specific use.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

26. On or about February 14, 2018 JPAUL and ECOVACS breached these duties in one or more of the following ways:

   a. manufactured, sold, distributed, designed, supplied and/or assembled said EYE-VAC and its component parts in a defective and unreasonably dangerous condition;

   b. failed to properly and adequately inspect and or test said EYE-VAC and its component parts;

   c. failed to provide warnings for proper usage of said EYE-VAC;

   d. failed to manufacture with proper materials for the use said EYE-VAC was intended;

   e. used a design that provided ignition source for substances that were likely to be present at the time of use of said EYE-VAC;

   f. placed into the stream of commerce a product that was not merchantable;

   g. placed into the stream of commerce a product that was not fit for the particular use as a product that would serve as a vacuum and which would not start a fire; and

   h. other breaches of duty as may be learned throughout discovery of this matter.

**Denied in the manner and form as stated for the reason that it is not true.**

27. As a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendants, JPAUL and ECO-VACS and the ensuing fire, Plaintiffs insured CPD REALTY and DUNSTAN's property was severely damaged and suffered

8

certain other losses covered by her policy of insurance with SENTINEL.

**Denied in the manner and form as stated for the reason that it is not true.**

28. Pursuant to the terms and conditions of its insurance policy with CPD REALTY & DUNSTAN, SENTINEL made payments to its insured for damages in an amount in excess of
$228,180.77.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

29. By virtue of its payments made to or on behalf of CPD REALTY & DUNSTAN and in accordance with the terms and conditions of the aforementioned policy of insurance, SENTINEL is now subrogated to right of recovery against Defendants JPAUL and ECOVACS.

**Neither admitted nor denied for Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.**

WHEREFORE, Plaintiff, SENTINEL INSURANCE COMPANY as subrogee of CPD REALTY & DUNSTAN ANIMAL CARE CLINIC, pray for a judgment in its favor and against the Defendants, JPAUL and ECOVACS, in excess of $25,000, plus court costs and any other relief this Court deems just and proper.

**WHEREFORE**, Defendant, ECOVACS ROBOTICS, INC, prays for judgment of no cause of action against Plaintiff, together with costs, interest, and attorney fees so wrongfully sustained.

                                                    Respectfully Submitted:

                                                    By:/s/*Thomas G. Cardelli*
                                                    Thomas G. Cardelli (P31728)
                                                    Andrew M. Creal (P83806)
                                                    CARDELLI LANFEAR P.C.
                                                    Attorneys for Ecovacs, Inc.
                                                    322 W. Lincoln Ave.
                                                    Royal Oak, MI 48067

Dated: April 15, 2020                                248-544-1100

## **AFFIRMATIVE DEFENSES**

      NOW COMES Defendant, ECOVACS ROBOTICS, INC., by and through its attorneys, CARDELLI LANFEAR, P.C., and for its Affirmative Defenses, states as follows:

      1.      All duties were fully discharged by this Defendant to the purchaser of the product and no further duty was owing and the appropriate Motion for Summary Disposition will be filed.

      2.      The comparative negligence of the user of the product may act to bar this claim in whole or in part.

      3.      There may be an entity or person who will be identified as a Non-Party at Fault, pursuant to Court Rule, and, discovery may divulge the identity of that entity and this Defendant reserves the right to file same Non-Party at Fault designation.

      4.      Defendant denies that any express warranty of any type was given by this Defendant to the alleged Plaintiffs.

      5.      Defendant reserves the right to amend these Affirmative Defenses.

Respectfully Submitted:

By:/s/*Thomas G. Cardelli*
Thomas G. Cardelli (P31728)
Andrew M. Creal (P83806)
CARDELLI LANFEAR P.C.
Attorneys for Ecovacs, Inc.
322 W. Lincoln Ave.
Royal Oak, MI 48067
Dated: April 15, 2020                            248-544-1100

## **JURY DEMAND**

NOW COMES Defendant, ECOVACS ROBOTICS, INC., by and through its attorneys, CARDELLI LANFEAR, P.C., and hereby demands a Trial by Jury in the above-entitled cause of action.

Respectfully Submitted:

By:/s/*Thomas G. Cardelli*
Thomas G. Cardelli (P31728)
Andrew M. Creal (P83806)
CARDELLI LANFEAR P.C.
Attorneys for Ecovacs, Inc.
322 W. Lincoln Ave.
Royal Oak, MI 48067
Dated: April 15, 2020                            248-544-1100

## **PROOF OF SERVICE**

I hereby certify that on the 15th day of April 2020, a copy of Answer to Plaintiff's Complaint, Affirmative Defenses, and Jury Demand on Behalf of Defendant Ecovacs Robotics, Inc., and this proof of service were served upon the attorneys of record of all parties to the above cause by:

| | | |
|---|---|---|
| ( ) First-Class Mail | ( ) Facsimile | ( ) Email |
| ( ) FedEx | ( ) Hand Delivery | (X) E-Filing |

I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

/s/ Sarah E. Doyle
Sarah E. Doyle, Legal Assistant